FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 16 2013 ★

BROOKLYN OFFICE

December 8, 2013

Clerk of the Court
c/o Prose Litigation Office
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

KUNTZ, J.

CV 13        7193

Re: New Filing / Civil Action.
Forney v. Forney, et. al.,

Dear Clerk:

Enclosed for Filing, please find one (1) original and two (2) Copies of a Civil Rights Complaint, pursuant to 42 U.S.C. §1983, along w/ Supporting IFP Papers / Authorization.

Please note, because I have had some recent issues w/ lost mail / Correspondence I ask that you "Copy this Cover Page" (only), and mail it back, so I'll know you've received my Papers.

Thank you in advance for your Consideration, time and attention in this matter.

Yours etc.,

Alfonzo Forney
Plaintiff - Prose

**CIVIL RIGHTS COMPLAINT**
42 U.S.C. § 1983

RECEIVED
DEC 1 6 2013
PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x

ALFONZO FORNEY, 61513·050 ,
Full name of plaintiff/prisoner ID#

                Plaintiff,

      -against-

DEMETRIOS FORNEY; JEFFREY SOTO;
OFFICER ARRINDELL; KEVIN DELEON; SGT.
BERGAMO; SGT. ZOLLO; COMM. JOHN DOE
Enter full names of defendants
[Make sure those listed above are
identical to those listed in Part III.]

                Defendants.
-----------------------------------------------x

JURY DEMAND
YES **X**   NO ____

KUNTZ, J.

**CV 13        7193**

BLOOM, M.J.

I.     Previous Lawsuits:

    A.    Have you begun other lawsuits in state or federal court
        dealing with the same facts involved in this action or
        otherwise relating to your imprisonment?  Yes (X)  No ( )

    B.    If your answer to A is yes, describe each lawsuit in the space below
        (If there is more than one lawsuit, describe the additional lawsuits
        on another piece of paper, using the same outline.)

        1. Parties to this previous lawsuit:

            Plaintiffs:  ALFONZO FORNEY

            Defendants:  SAME AS ABOVE, JUST ADDED OFFICER
                        ARRINDELL.

        2. Court (if federal court, name the district;
           if state court, name the county)
        ED OF PENNSYLVANIA

        3. Docket Number: CV NO. 13-6290

1

4. Name of the Judge to whom case was assigned: PETRESE B. TUCKER, Ch. J.

5. Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?)
CASE WAS ORDERED CLOSED STATISTICALLY BASED ON IMPROPER VENUE.

6. Approximate date of filing lawsuit: CANNOT RECALL (MAYBE 3 WEEK BEFORE disposition)

7. Approximate date of disposition: OCTOBER 31, 2013

II. Place of Present Confinement: Federal Correctional Institution Allenwood, P.O. Box 2000, White Deer PA 17887

A. Is there a prisoner grievance procedure in this institution? Yes (X) No ( )

B. Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes ( ) No (X)

C. If your answer is YES,

1. What steps did you take? _____

_____

_____

2. What was the result? _____

_____

D. If your answer is NO, explain why not THIS ACTION ARISES OUT OF CONDUCT NOT RELATED TO PRISON CONDITIONS, BUT RATHER THE N.Y.P.D.

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes ( ) No (X)

F. If your answer is YES,

1. What steps did you take? _____

_____

_____

2. What was the result? _____

_____

III.   Parties:

(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff _____ ALFONZO FORNEY, REGISTER No. 61513050

Address Allenwood Federal Correction Institution, P.O. Box 2000, WHITE DEER, PA 17887.

(In item B below, place the full name and address of each defendant)

B. List all defendants' names and the addresses at which each defendant may be served. Plaintiff must provide the address for each defendant named.

Defendant No. 1          DEMETRIOS A. FORNEY, (D.O.B. 05/13/1972)
                         LLKA): 1579 STERLING PLACE APT. No. RB4
                         BROOKLYN, NEW YORK 11213

Defendant No. 2          POLICE OFFICER JEFFREY SOTO, SHIELD NO. 29053
                         77TH PRECINCT, NYPD, 127 UTICA AVENUE
                         BROOKLYN, NEW YORK 11213

Defendant No. 3          POLICE OFFICER ARRINDELL, SHIELD NO.
                         77TH PRECINCT, NYPD, 127 UTICA AVENUE
                         BROOKLYN, NEW YORK 11213

Defendant No. 4          POLICE OFFICER KEVIN DELEON, SHIELD NO. 16767
                         77TH PRECINCT, NYPD, 127 UTICA AVENUE
                         BROOKLYN, NEW YORK 11213

Defendant No. 5          SERGEANT BERGAMO, SHIELD NO.
                         LLKA): 77TH PRECINCT, NYPD, 127 UTICA AVENUE
                         BROOKLYN, NEW YORK 11213.

                                                    * SEE Attached 2 MORE DEFD's
                                                      REVERSE

[Make sure that the defendants listed above are identical to those listed in the caption on page 1].

* "LKA"= LAST KNOWN ADDRESS.

3

DEFENDANT No. 6 : SERGEANT ZOITO, SHIELD No.: _____
LLKA) 77TH PRECINCT, NYPD, 127 UTICA AVENUE
BROOKLYN, NEW YORK 11213

DEFENDANT No. 7 : JOHN DOE, COMMISSIONER OF NEW YORK POLICE DEPT. (NYPD).
ONE POLICE PLAZA
NEW YORK, CITY, NEW YORK

IV.     Statement of Claim:

(State briefly and concisely, the facts of your case. Include the date(s) of the event(s) alleged as well as the location where the events occurred.  Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights.  You need not give any legal arguments or cite to cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  You may use additional 8 ½ by 11 sheets of paper as necessary.)

CLAIM NO. I : FALSE ARREST AND IMPRISONMENT :  ① PLAINTIFF, ALFONZO FORNEY CLAIMS, ON OR ABOUT MAY 20, 2012, AT APPROXIMATELY BETWEEN 1:00 P.M. AND 3:45 P.M., IN THE COUNTY OF KINGS, STATE OF NEW YORK, ▶EASTERN DISTRICT OF NEW YORK, DEFENDANT, DEMETRIOS FORNEY, ("HEREINAFTER "DEMETRIOS") PLAINTIFFS HALF-BROTHER, WHILE RESIDING AT 1579 STERLING PLACE, APT. RB-4, IN THE BOROUGH OF BROOKLYN, EASTERN DISTRICT OF NEW YORK, DID KNOWINGLY PROVIDE FALSE INFORMATION TO NEW YORK POLICE OFFICERS JEFFREY SOTO (HEREINAFTER "SOTO") AND ARRINDELL (FIRST NAME UNKNOWN) (HEREINAFTER "ARRINDELL") WITH MALICIOUS INTENT, THAT PLAINTIFF, THREATENED TO KILL HIM.

② PLAINTIFF CLAIMS, THAT DEMETRIOS ALSO PROVIDED SAID OFFICERS SOTO AND ARRINDELL, WITHOUT PLAINTIFF'S PERMISSION AND/OR CONSENT, AND WITHOUT AUTHORITY OF HIS OWN, PERSONAL PROPERTY OF PLAINTIFF, WHICH WAS PROPERLY STORED IN PLAINTIFFS BEDROOM, IN WHICH OFFICERS SOTO AND ARRINDELL TOOK
        ✱✱ (CONTINUE ON 8'½ by 11, NUMBERED "4a").

IV.A     If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required.  Was medical treatment received?

PLAINTIFF SUFFERED MENTAL AND EMOTIONAL PAIN AND DISTRESS AS WELL AS CONTINUES TO SUFFER. SPECIFICALLY, PLAINTIFF SUFFERS DEPRESSION, INSOMNIA, LOSS OF APPETITE, MOOD SWINGS AND EXTREME FEELINGS OF SADNESS, ESPECIALLY AT NIGHT. HAS BEEN RECEIVING MENTAL HEALTH COUNSELING SINCE INCARCERATION TO PRESENT. ALL AS A DIRECT RESULT OF DEFENDANT'S ACTION HEREIN DESCRIBED.

4

FROM DEMETRIOS AND SEARCHED WITHOUT PLAINTIFFS PERMISSION, CONSENT, AND WITHOUT AUTHORITY OF THEIR OWN TO DO SO; AND THEN SEIZED PROPERTY WITHIN BELONGING TO PLAINTIFF, AGAIN, WITHOUT PLAINTIFFS CONSENT. DEMETRIOS THEN ASKED SOTO AND ARRINDELL TO ARREST PLAINTIFF FOR SAME.

③ PLAINTIFF CLAIMS, DEMETRIOS, SOTO AND ARRINDELL, WERE WITHOUT LAWFUL AUTHORITY TO SEARCH AND/OR SEIZE PROPERTY MENTIONED IN PARAGRAPH NO. 2 ABOVE, AND POSSESSED NO CONSENT OR PERMISSION OF PLAINTIFF, ALFONZO FORNEY.

④ PLAINTIFF CLAIMS, THAT, AFTER RECEIVING THESE FALSE STATEMENTS AND BEFORE VERIFYING THEIR VALIDITY, SOTO AND ARRINDELL CHARGED PLAINTIFF WITH CRIMINAL POSSESSION OF A FORGED INSTRUMENT, FIRST DEGREE, (N.Y. PENAL LAW 170.30) AND HARRASSMENT, (N.Y. PENAL LAW 240.26(1)) WHICH RESULTED IN SOTO AND ARRINDELL ISSUING AN ARREST WARRANT AND/OR OPEN COMPLAINT NUMBERED: 2012-077-03736 FOR PLAINTIFF, ALFONZO FORNEY.

⑤ PLAINTIFF CLAIMS, SOTO AND ARRINDELL KNEW OR SHOULD HAVE KNOWN, THAT THE SEARCH AND/OR SEIZURE WAS ILLEGAL, AS WELL AS THE SUBSEQUENT ARREST OF PLAINTIFF.

⑥ PLAINTIFF CLAIMS, DEMETRIOS KNEW OR SHOULD HAVE KNOWN THAT HE LACKED AUTHORITY TO SEARCH AND/OR SEIZE PROPERTY OF PLAINTIFF, OR THAT HE COULD ALLOW ANOTHER, NAMELY, SOTO AND ARRINDELL, TO SEARCH AND/OR SEIZE PERSONAL PROPERTY BELONGING TO PLAINTIFF.

⑦ PLAINTIFF CLAIMS, ON OR ABOUT THE DATE AND TIMES NOTED IN PARAGRAPH NO. 1 ABOVE, DEFENDANT, SERGEANT BERGAMO, MICHAEL, (HEREINAFTER "SGT. BERGAMO") A SUPERVISING OFFICER OF THE NYPD, WHO WAS PRESENT ON THE "SCENE", KNEW OR SHOULD HAVE KNOWN, THAT HE NOR SOTO NOR ARRINDELL POSSESSED THE AUTHORITY TO SEARCH AND/OR SEIZE ANY PROPERTY BELONGING TO PLAINTIFF, AND SGT. BERGAMO SHOULD HAVE, AS SOTO AND ARRINDELLS' SUPERVISOR, FORBADE THEM FROM SAID ILLEGAL SEARCH AND SUBSEQUENT SEIZURE.

4a.

(8) Plaintiff Claims, On or About May 20. 2012, At Approximately 8:25PM, Acting On The False And misleading Information of DeMetrios, And Officers Soto And Arrindell, Which Included the open complaint numbered 2012-077-03736, issued by officers Soto And Arrindell, Defendant, Police officer Kevin DeLeon, (Hereinafter "DELEON") Arrested Plaintiff, And Charged Him With 2 Additional Charges Which Were Felonies, in a Criminal Court Complaint Signed And dated May 21, 2012.

(9) Plaintiff Claims, On or About May 20, 2012, At Approximately And between 8:25PM & 12:00 AM, May 21, 2012, Defendant, Sergeant Daniel Zollo, (Hereinafter "Sgt. Zollo") A Supervisor of the New York Police Department, Had a Responsibility to ensure that His Officers, including Soto Arrindell And Sgt. Bergamo, did not Violate The Civil Rights of Citizens they were Charged With Protecting, including Plaintiff And Also that All Arrests Presented to Him (Sgt. Zollo) Were Lawful And Legal. Plaintiff Claims, That Sgt. Zollo Failed in His Responsibility by Allowing Plaintiff to be Falsely Arrested After An Illegal Search And Seizure, by Soto And Arrindell, And False Arrest by DeLeon. In total, A False Arrest And Imprisonment.

(10) Plaintiff Claims, Defendant, John Doe, Police Commissioner, NYPD, (Hereinafter "Commissioner") Owes a duty to the People of the City of New York, including Plaintiff, Who Entrust Commissioner and NYPD to Protect Him From Breaches of Law, including Protection From False Arrests And Imprisonment, And Illegal Searches And Seizures. Encompassed in That Duty, And Resulting trust, is An Obligation to Ensure that all of its Citizens On Patrol, (COPS) Including Soto, Arrindell, Sgt. Bergamo, DeLeon, Sgt. Zollo, Are Properly Trained On Arrest Procedures And the Laws of Search And Seizures. Plaintiff Claims that the Commissioner Failed to Properly Train Officers And Supervisors, Including Soto, Arrindell, DeLeon, Sgt. Bergamo And Sgt. Zollo, And That this Failure, Directly Resulted in A Violation of Plaintiffs Rights.

4b.

(11) Plaintiff claims, that as a result of Defendants Actions, (collectively) as outlined in Paragraph 1 through 10 above, he was arrested and jailed on Riker Island, New York City Department of Corrections, on May 21, 2012, and held in the care custody and control of NYC Department of Corrections, until August 27, 2012, and Plaintiff has and had a Right to not be so Imprisoned.

(12) Plaintiff claims, that on or about August 27, 2012, after a full day of hearings (held on Augusts 20, 2012) in which both SOTO and Deleon admitted to Searching and Seizing Plaintiffs Property without consent, the Kings County Criminal Court, Honorable Desmond Green, Judge of Criminal Court, Ruled that the Property Seizure of the items in Plaintiffs Bedroom were obtained in violation of Plaintiff's Fourth Amendment Rights, and were therefore, suppressed. This included statements made by Plaintiff to law enforcement.

(13) Plaintiff claims, on or about August 27, 2012, as a direct result of the ruling of the court, (Desmond, J.) the Kings County District Attorney's office, by Roger Yu Esq., and Hilliard Schaeffer Esq., Assistant District Attorney's, moved to dismiss all charges by way of an Adjournment in Contemplation of Dismissal (ACD).

(14) Plaintiff claims, that as a result of Defendant's Actions, as outlined in Paragraphs 1 through 13, Plaintiff suffered, and is still suffering imprisonment by reason of a Federal Warrant being issued on May 24, 2012, as a direct result of Defendants SOTO, Demetrios, Deleon, Sgt. Bergamo, Arrindell and Sgt. Zollo's Actions, which caused Plaintiff to be held after the August 27, 2012, Ruling, so Plaintiff could be turned over to the United States Marshals on August 28, 2012.

Plaintiff has been in Bureau of Prisons Custody since then. (August 28, 2012).

(15) Plaintiff claims, that on or about November 27, 2012, despite the courts Ruling on

4c.

DELEON TESTIFIED IN THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY, BEFORE HONORABLE NOEL L. HILLMAN, DISTRICT JUDGE, AT A VIOLATION OF SUPERVISED RELEASE PROCEEDING, THAT HE RECEIVED ILLEGALLY OBTAINED EVIDENCE AND USED SUCH EVIDENCE TO HAVE PLAINTIFF FOUND GUILTY.

(16) OFFICER DELEON KNEW, OR SHOULD HAVE KNOWN, THAT BY testifying About this PREVIOUSLY SUPPRESSED EVIDENCE, HE WOULD CAUSE PLAINTIFF to be IMPRISONED; but did so ANYHOW And VIOLATED Plaintiffs Constitutional Rights.

(17) THIS Action Followed.

4d.

V.     Relief:

State what relief you are seeking if you prevail on your complaint.

PLAINTIFF SEEKS DECLARATORY JUDGMENT AGAINST ALL 7 DEFENDANTS, THAT HIS CIVIL RIGHTS WERE VIOLATED. PLAINTIFF SEEKS COMPENSATORY JUDGMENT, IN FORM OF MONETARY DAMAGES, AGAINST THE FIRST SIX (6) DEFENDANTS (FORNEY, SOTO, ARRINDEU, DELEON, BERGAMO, AND ZOILO) IN THE AMOUNT OF TWO-HUNDRED FIFTY THOUSAND DOLLARS ($ 250,000.00) EACH FOR LOSS OF PAST AND FUTURE EARNINGS AND COMPENSATORY DAMAGES AS TO DEFENDANT JOHN DOE, COMMISSIONER, NEW YORK POLICE DEPARTMENT IN THE AMOUNT OF FIVE-HUNDRED THOUSAND FOR LOSS OF PAST AND FUTURE EARNINGS, TOTALLING $ 2,000,000.00 (TWO-MILLION) DOLLARS IN COMPENSATORY DAMAGES. PUNITIVE DAMAGES AS TO FIRST SIX (6) DEFENDANTS (SAME AS ABOVE) IN THE AMOUNT OF $750,000.00 (SEVEN HUNDRED FIFTY THOUSAND) DOLLARS, EACH, FOR PAIN AND SUFFERING, LOSS OF LIBERTY AND TO DETER FUTURE CONDUCT OF THIS TYPE. PUNITIVE DAMAGES AS TO JOHN DOE POLICE COMMISSIONER, NYPD, IN THE AMOUNT OF TWO-MILLION ($2,000,000.00) DOLLARS FOR FAILING TO PROPERLY TRAIN HIS STAFF, WHICH DIRECTLY RESULTED IN PLAINTIFFS RIGHTS BEING VIOLATED, PAIN AND SUFFERING, LOSS OF LIBERTY AND TO DETER FUTURE CONDUCT OF THIS TYPE. TOTAL: $ 8,000,000.

I declare under penalty of perjury that on    DECEMBER 08, 2013 , I delivered this
                                                      (Date)
complaint to prison authorities to be mailed to the United States District Court for the Eastern

District of New York.


Signed this   08   day of   DECEMBER              , 20 13 .  I declare under penalty of

perjury that the foregoing is true and correct.


                              _____  12/08/13
                              Signature of Plaintiff

                              Allenwood Federal Correction Institution
                              Name of Prison Facility

                              ALFONZO FORNEY REG. No. 61513050

                              P.O. BOX 2000

                              WHITE DEER   PA   17887
                              Address

                              61513 050
                              Prisoner ID#


5