UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALFONZO FORNEY,                                         :
                                                        :
                        Plaintiff,                      :
                                                        :
            -against-                                   :        **DECISION AND ORDER**
                                                        :        13-CV-7193 (WFK) (LB)
DEMETRIOS FORNEY, POLICE OFFICER                        :
JEFFREY SOTO, POLICE OFFICER                            :
ARRINDELL, POLICE OFFICER KEVIN                         :
DELEON, SERGEANT BERGAMO, SERGEANT :
ZOLLO, and JOHN DOE,                                    :
                                                        :
                        Defendants.                     :
-------------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge**

   Pro Se Plaintiff Alfonzo Forney ("Plaintiff") brings this action against private actor
Demetrios Forney (Plaintiff's half-brother), Police Officer Jeffrey Soto, Police Officer Arrindell,
Police Officer Kevin Deleon, Sergeant Bergamo, and Sergeant Zollo for violations of his civil
rights under 42 U.S.C. § 1983 as well as potential New York state law claims. Specifically,
Plaintiff alleges claims of false arrest, malicious prosecution, unlawful search and seizure, failure
to intervene, and state law claims. City employee defendants Police Officer Jeffrey Soto, Police
Officer Arrindell, Police Officer Kevin Deleon, Sergeant Michael Bergamo, and Sergeant Zollo
(collectively "Defendants" for the purposes of this motion)[1] filed a motion to dismiss the
complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because: (1) Plaintiff has failed to
plausibly allege any of the claims he raises, (2) Defendants are protected by qualified immunity,
and (3) a claim cannot be sustained against the Defendants under *Monell v. Dep't of Soc. Servs.*,
436 U.S. 658, 690-91 (1978). Plaintiff contests Defendants' motion. For the reasons set forth
below, Defendants' motion is hereby GRANTED.

---

[1] Private actor Demetrios Forney is not a party to Defendants' motion. Dkt. 29 ("Ds' Memo of
Law") at 1 n.1.

1

## BACKGROUND

On May 20, 2012, Plaintiff's half-brother Demetrios Forney called 911 and informed the New York Police Department ("NYPD") that Plaintiff had threatened to kill him, Plaintiff was storing counterfeit bills in a plastic container in their apartment, and Plaintiff was producing counterfeit bills on the home computer and printer. Dkt. 1 ("Compl.") at ¶1; Dkt. 30-2 ("NYPD Complaint Report") at 1. Officers Jeffrey Soto and Arrindell responded to the call and went over to Plaintiff's home, which he shared with Demetrios Forney. Compl. at ¶1. Upon the officers' arrival at the home, Demetrios Forney gave the two officers some of Plaintiff's personal property, such as counterfeit bills, without Plaintiff's consent. *Id.* at ¶2; NYPD Complaint Report at 1. The two officers also searched Plaintiff's room without Plaintiff's consent and seized property belonging to Plaintiff without his consent, namely, a container containing counterfeit bills. *Id.* at ¶2-3; Dkt. 32 ("Mot. in Opp."). at 8. In addition to the two officers, Sergeant Michael Bergamo was also "on the scene." Compl. at ¶7.

As a result of the officers' search, which was conducted subsequent to Demetrios Forney's complaint, Plaintiff was charged with Criminal Possession of a Forged Instrument and Harassment. Compl. at ¶4. Plaintiff was arrested on May 20, 2012 by Officer Kevin Deleon. *Id.* at ¶8. Plaintiff alleges that Sergeant Zollo was supervising Officer Deleon at the time. *Id.* at ¶9. Plaintiff also alleges that John Doe, Police Commissioner, "failed to properly train officers and supervisors . . . and that this failure directly resulted in a violation of Plaintiff's rights." *Id.* at ¶10.

Plaintiff was jailed at Riker's Island until August 27, 2012. *Id.* at ¶11. On August 20, 2012, the Honorable Desmond Green of the Kings County Criminal Court held a full day hearing

on the issue of the seizure of the counterfeit bills. *Id.* at ¶12. Judge Green ruled that the seizure violated Plaintiff's Fourth Amendment rights and suppressed the evidence obtained. *Id.* On August 27, 2012, the King's County District Attorney's Office moved for an Adjournment in Contemplation of Dismissal of the charges against Plaintiff. *Id.* at ¶13.

On August 28, 2012, Plaintiff was turned over to the United States Marshals Service to appear before the United States District Court for the District of New Jersey to determine whether Plaintiff's May 20, 2012 arrest violated the terms of his supervised release. *Id.* at ¶14-15. At no point was Plaintiff released following his transfer to the custody of the United States Marshals Service. *Id.* at ¶14. On January 23, 2013, after a hearing held on November 27, 2012, the Honorable Noel L. Hillman of the United States District Court for the District of New Jersey found that Plaintiff had committed a crime during his term of supervised release, in clear violation of the terms of his supervised release. *Id.* at ¶15; Dkt. 30-4 ("Dist. of N.J. Judgment") at 1. Plaintiff was sentenced to 18 months' incarceration for violating the terms of his supervised release. Dist. Of N.J. Judgment at 2.

Plaintiff filed his complaint in this action on December 16, 2013. Compl. at 1. The Court reads Plaintiff's complaint to raise the following claims: (1) false arrest; (2) malicious prosecution; (3) unlawful search and seizure; (4) failure to intervene; (5) municipal liability against the City of New York under *Monell*, 436 U.S. at 690-91; and (6) possible state law claims. Compl. at ¶¶1-16.

On February 18, 2015, Defendants submitted a motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). Dkt. 29 ("Ds' Memo of Law"); Dkt. 34 ("Ds' Reply"). Defendants argue that Plaintiff has failed to allege facts sufficient

to state a claim for any of the issues Plaintiff raised in his complaint. Plaintiff opposed

Defendants' motion. Mot. in Opp. The Court considers each of Plaintiff's claims in turn, in the

order they were pled.

## DISCUSSION

### I.    Legal Standard

To survive a motion to dismiss under Federal Rules for Civil Procedure Rule 12(b)(6),

each claim must set forth sufficient factual allegations, accepted as true, "to state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation

marks omitted). In applying this standard, the Court is guided by "[t]wo working principles."

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). First, the Court

must "accept[] all factual allegations in the complaint as true, and draw[] all reasonable

inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.

2002). However, the Court need not credit "legal conclusions" in a claim or "threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements." *Harris*, 572 F.3d

at 72 (quoting *Iqbal*, 556 U.S. at 678) (internal quotations and alteration omitted). "Second, only

a complaint that states a plausible claim for relief survives a motion to dismiss," and

"[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-

specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Id.* (quoting *Iqbal*, 556 U.S. at 679) (internal quotations omitted).

When considering a motion to dismiss brought against a *pro se* litigant, the complaint and

pleadings of a *pro se* plaintiff must be liberally construed in favor of that party and held to a less

rigorous standard of review than pleadings drafted by an attorney. *See Angulo v. Nassau Cnty.*,

4

10-CV-1500, 2015 WL 993459, at *4 (E.D.N.Y. Mar. 6, 2015) (Bianco, J.). The Second Circuit "liberally construe[s] pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted).

## II.    Analysis

The Court reads Plaintiff's complaint and response in opposition to the motion to dismiss to raise the following claims pursuant to Section 1983 and related state law claims: (1) false arrest; (2) malicious prosecution; (3) unlawful search and seizure; (4) failure to intervene; (5) municipal liability against the City of New York under *Monell*, 436 U.S. at 690-91; and (6) possible state law claims. Compl. at ¶¶1-16; Mot. in Opp. at ¶¶3, 7, 11-16.

Defendants move to dismiss all of Plaintiff's claims on the basis that Plaintiff has failed to allege facts that would support any of his claims. Defendants also move for a finding that the individual state employee Defendants are entitled to qualified immunity and state law immunity. Ds' Memo of Law at 22-24. The Court will address Defendants' motion vis à vis each of the Plaintiff's claims in turn.

### A. Section 1983 and Related State Law Claims

Plaintiff's first four substantive claims (false arrest, malicious prosecution, unlawful search and seizure, and failure to intervene), as well as Plaintiff's claim of municipal liability against Defendants, are all claims alleged under Section 1983. Defendants' motion on the issue of qualified immunity is also alleged under Section 1983.

To maintain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that the defendant, acting under color of state law, denied the plaintiff a constitutional or federal statutory right. 42 U.S.C. § 1983; *Bryant v. Maffucci*, 923 F.2d 979, 982-83 (2d Cir. 1991). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Codrington v. City of New York*, 12-CV-1650, 2015 WL 893567, at *3 (E.D.N.Y. Feb. 27, 2015) (Townes, J.) (citing *Sykes v. James* 13 F.3d 515, 519 (2d Cir. 1993)) (internal quotation marks omitted). The Court will address each of Plaintiff's claims in turn in the order they were raised by the parties.

### 1. False Arrest, Malicious Prosecution, and Municipal Liability

The Court reads Plaintiff's complaint as asserting federal law claims of false arrest, malicious prosecution, and municipal liability against the Defendants. Plaintiff, however, fails to substantively address these claims in his opposition to Defendants' motion to dismiss. Mot. in Opp. at 2. Since Plaintiff fails to oppose Defendants' arguments on these claims, the Court deems them abandoned and GRANTS Defendants' motion as to those claims. *See Harte v. Ocwen Fin. Corp.*, 13-CV-5410, 2014 WL 4677120, at *8 (E.D.N.Y. Sept. 19, 2014) (Brodie, J.) (citation omitted); *Silverman v. Household Fin. Realty Corp. of N.Y.*, 979 F. Supp. 2d 313, 317 (E.D.N.Y. 2013) (Wexler, J.).

The Court notes, however, that even if Plaintiff had addressed these claims, the Court would have dismissed them. Plaintiff has failed to state a claim for false arrest or malicious prosecution because Defendants had probable cause to arrest Plaintiff and initiate prosecution of Plaintiff given Demetrios Forney's complaint. *See, e.g.*, *Codrington v. City of New York*, 12-CV-1650, 2015 WL 893567, at *4 (E.D.N.Y. Feb. 27, 2015) (Townes, J.); *Dukes v. City of New York*,

879 F. Supp. 335, 342 (S.D.N.Y. 1995) (Leisure, J.) (internal citations omitted). Plaintiff's claim of municipal liability is moot given the dismissal of his additional Section 1983 claims discussed below. Further, because Officer Deleon, Sergeant Zollo, and John Doe are only implicated in these claims, the complaint as to them is DISMISSED.

### 2. Unlawful Search and Seizure

The Court reads Plaintiff's papers as raising a Section 1983 claim based on a Fourth Amendment violation of unlawful search and seizure. *See, e.g.*, Mot. in Opp. at 2. Reading Plaintiff's papers "to raise the strongest arguments they suggest," the Court finds Plaintiff alleges that a container of counterfeit bills was unlawfully seized from his room by Officers Soto and Arrindell. Compl. at ¶2; Mot. in Opp. at 7-9

Defendants argue that Plaintiff's unlawful search and seizure claim should be dismissed because Plaintiff had a diminished expectation of privacy, if any expectation of privacy at all, in his person, his home, and his effects given his status as someone on supervised release and subject to a search condition at the time of the search and seizure at issue. Ds' Reply at 4-6. Plaintiff does not contest, nor can he, that he was on supervised release and subject to a search condition at the time of the search and seizure. *See* Dist. of N.J. Judgment at 1; U.S. Prob. Office - Dist. Of N.J, Standard Conditions of Probation/ Supervised Release, *available at* http://www.njp.uscourts.gov/services/supervision/conditions-overview/standard-conditions.php.

The Fourth Amendment protects "[t]he right of the people to be secure in their person, houses, papers and effects against unreasonable searches and seizures" U.S. Const. Amed. IV. "Whether a search is reasonable is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the

7

promotion of legitimate government interests." *United States v. Quinones*, 457 F. App'x 68, 69

(2d Cir. 2012) (internal quotation marks and citation omitted).

In evaluating that balance, the Supreme Court has held that "the Fourth Amendment does

not prohibit a police officer from conducting a suspicionless search of a parolee," and further

noted that "parolees have fewer expectations of privacy than probationers, because parole is more

akin to imprisonment than probation is to imprisonment." *Samson v. California*, 547 U.S. 843,

850, 857 (2006). Addressing the issue of persons on supervised release specifically, the Second

Circuit has stated:

> Supervised release, parole, and probation lie on a continuum. The most severe is
> "supervised release," which is "meted out in addition to, not in lieu or,
> incarceration," *United States v. Reyes*, 283 F.3d 446, 461 (2d Cir. 2002) (internal
> quotation marks omitted); supervised release is followed, in descending order, by
> parole, then probation, *id.*

*United States v. Lifshitz*, 369 F.3d 173, 181 n.4 (2d Cir. 2004).

Thus, persons on supervised release "have severely diminished expectations of privacy by

virtue of their status alone." *Quinones*, 457 F. App'x at 69 (internal quotation marks and

citations omitted). This finding is further supported when the person, as Plaintiff was here, has

been made aware of a limit on their constitutional rights because "persons on supervised release

who sign [] documents [permitting searches of their homes] manifest an awareness that

supervision can include intrusions into their residence and, thus, have a severely diminished

expectation of privacy." *Id.* (internal quotation marks and citation omitted).

The Supreme Court has held, and the Second Circuit has reiterated, that "'[w]hen an

officer has reasonable suspicion that a probationer subject to a search condition is engaged in

criminal activity,' the officer's search of the probationer's residence without a warrant does not

violate the Fourth Amendment." *Haynes v. Zaporowski*, 521 F. App'x 24, 26 (2d Cir. 2013) (quoting *United States v. Knights*, 534 U.S. 112, 121 (2001)) (additional citations omitted). While it may be possible that the standard for search of an individual on supervised release is even lower than the reasonable suspicion standard articulated for search of a probationer, the Court need not decide that issue as it is evident that Officers Soto and Arrindell had reasonable suspicion to search Plaintiff's room.

Here, Officers Soto and Arrindell arrived at Plaintiff's residence after receiving a 911 call from Plaintiff's half-brother, Demetrios Forney. NYPD Complaint Report at 1. In that 911 call, Demetrios Forney reported that Plaintiff had threatened to kill him, Plaintiff was storing counterfeit bills in a plastic container in their apartment, and Plaintiff was producing counterfeit bills on the home computer and printer. *Id.*; Compl. at ¶ 1. Merely from the allegations in the 911 call, the officers had reasonable suspicion that Plaintiff was engaged in a criminal activity involving counterfeit bills. Then, upon the officers' arrival at Plaintiff's and Demetrious Forney's shared residence, Demetrios Forney presented Officers Soto and Arrindell with counterfeit bills and then showed the officers the container in Plaintiff's room in which Plaintiff kept other counterfeit bills. Compl. at ¶ 2; Mot. in Opp. at 8 ("[Demetrios Forney] points to a plastic container that he seen the brother go into that [*sic*] money[.]"). At that point, the officers had more than reasonable suspicion that Plaintiff was engaged in a criminal activity involving counterfeit bills given Demetrios Forney's presentation of counterfeit bills to them. Further, the officers had specific reasonable suspicion that the container contained more counterfeit bills given the counterfeit bills already in their possession and Demetrios Forney's specific identification of the container.

9

Officers Soto and Arrindell had reasonable suspicion to search Plaintiff's residence, and the container of counterfeit bills in particular, as a result of Demetrios Forney's allegations and his presentation to the officers of counterfeit bills. Given Plaintiff's status as an individual on supervised release, reasonable suspicion was all the officers needed to justify their search of Plaintiff's residence. Therefore, Defendants' motion to dismiss Plaintiff's Fourth Amendment claim of unreasonable search and seizure is GRANTED.

### 3. Failure to Intervene

The Court reads Plaintiff's complaint as asserting failure to intervene claims against Sergeant Zollo and Sergeant Bergamo. Compl. at ¶7, 9. However, there can be no failure to intervene claim without a primary constitutional violation. *See Posner v. City of New York*, 11-CV-4859, 2014 WL 185880, at *8 (S.D.N.Y. Jan. 16, 2014) (Furman, J.) (citing *Matthews v. City of New York*, 889 F. Supp. 2d 418, 443-44 (E.D.N.Y. 2012) (Matsumoto, J.)). As all of Plaintiff's primary Section 1983 claims have been dismissed, Defendants' motion to dismiss Plaintiff's failure to intervene claim is also GRANTED.

### 4. Qualified Immunity

The Court hereby GRANTS Defendants' motion to dismiss as it relates to all of the claims arising under Section 1983. The Court will not address the Defendants' motion for summary judgment on the issue of qualified immunity as the issue is MOOT, seeing as there are no more substantive Section 1983 claims at issue.

### B. Claim Unrelated to Section 1983

Plaintiff's papers could also be read to state claims under New York state law. Compl. at 4.

### 5. State Law Claims

As an initial matter, there are certain procedural hurdles that a plaintiff must cross before he is able to sue employees of the City of New York. Under New York law, an individual suing city employees must file a notice of claim. New York's General Municipal Law provides in pertinent part:

> No action . . . shall be . . . maintained against a city . . . or of any officer, agent or employee thereof . . . unless, (a) a notice of claim shall have been made and served upon the city . . . in compliance with section fifty-e of this article[.]

N.Y. Gen. Mun. Law § 50-i(1). Section 50-e provides in pertinent part that for a "case founded upon tort," notice of the claim must be served "within ninety days after the claim arises." N.Y. Gen. Mun. Law § 50-e(1)(a). "A plaintiff's state law tort claims in a federal civil rights action against . . . police officers employed by the city should be dismissed when plaintiff's notice of claim is filed more than 90 days after the claims arose." *Bender v. Alvarez*, 06-CV-3378, 2009 WL 112716, at *10 (E.D.N.Y. Jan. 16, 2009) (Amon, J.) (citing *Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411, 428 (S.D.N.Y. 2002) (McMahon, J.)) (internal quotation marks omitted).

The incident giving rise to the state law claims suggested by Plaintiff's complaint occurred on May 20, 2012, when Defendants searched Plaintiff's room and seized certain of his possessions. Compl. at 4-4b. Plaintiff did not file his notice of claim until October 22, 2013. Mot. in Opp. at 11-12, 15. The period of time between May 20, 2012 and October 22, 2013 is longer than ninety days. As a result, Plaintiff's notice was untimely. Therefore Defendants' motion to dismiss Plaintiff's state law claims must be GRANTED.

**6. State Law Immunity**

The Court hereby GRANTS Defendants' motion to dismiss Plaintiff's state law claims. The Court will not address the Defendants' motion for summary judgment on the issue of state law immunity as the issue is MOOT, seeing as there are no more state law claims at issue.

## CONCLUSION

Accordingly, on the basis of the record and law as set forth above, the Court GRANTS Defendants' motion to dismiss in its entirety. Further, the Court *sua sponte* dismisses Plaintiff's claims against private actor Demetrious Forney because Plaintiff has failed to, and cannot, allege that Defendant Forney acted under color of state law as required for a Section 1983 claim. 42 U.S.C. § 1983; *Bryant*, 923 F.2d at 982-83. The Clerk of Court is hereby directed close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S/ Judge William F. Kuntz, II
HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: *March 30*, 2015
      Brooklyn, New York